THOMAS W. BROWN, Plaintiff in Error, *v.* JOSEPH W. SPEIGHT, et al., Defendants.

1. INJUNCTION : MATTER OF DISCRETION.—An application for an injunction is addressed to the sound discretion of the court, or chancellor in vacation; and he may either wholly refuse it, or grant it on such terms as he may see proper to prescribe.

2. INJUNCTION BOND : RIGHT TO REQUIRE ADMINISTRATOR TO GIVE.—The court or chancellor may require of an administrator, as a condition to the grant of an injunction applied for by him, that he execute an injunction bond ; and if the administrator accept the injunction by executing the bond, it will be binding on him and his sureties thereon, in their individual capacity.

3. SAME.—It is right and proper, that the court or chancellor should require of an administrator, bond and security, when an injunction is granted at his instance, to restrain proceedings at law before judgment.

IN error from the Circuit Court of Monroe county. Hon. William L. Harris, judge.

. Thomas W. Brown, the plaintiff in error,' sued Joseph W. Speight, Mark Prewet, and Abner Prewet, upon an injunction bond executed by them to plaintiff.

The complaint, and amended complaint, in substance alleged that, at the April term, A. D. 1848, of the Circuit Court of Monroe county, the plaintiff had instituted two several suits against the defendant, Speight, as administrator of one Jesse Speight, deceased; one for $482, and the other for $217.

That during the pendency of these suits, the defendant, Speight, filed his bill in the Chancery Court at Columbus, praying that the plaintiff be enjoined from further proceedings in his said suits at law, and in answer to his prayer, he obtained an injunction ; that in compliance with the order of injunction, the said defendants, on the 11th of October, A. D. 1848, entered into a bond to the plaintiff, in the penal sum of $1593, to be void on condition that the defendant, Speight, as administrator as aforesaid, should pay all

money and costs due or to become due to the plaintiff in said actions at law, and also all such costs and damages as should be awarded against the said Speight, as administrator as aforesaid, in case the injunction should be dissolved; otherwise to remain in full force and virtue.

That, at the November term, A. D. 1848, of said Chancery Court, the said injunction was dissolved, and the bill of complaint dismissed.

That, afterwards the said Speight resigned his letters of administration, and one Wynn was appointed. That he prosecuted his said suits against Wynn, as administrator as aforesaid, and recovered judgment in both for his debt and interest, and costs. That neither Wynn nor Speight has paid the same. That the estate of Jesse Speight is now insolvent, and the said judgment cannot be collected out of it. That at the time his said suits were enjoined, said estate was good, and plaintiff would have been enabled to make his money, except for his said injunction. That Speight, at the time of his resignation and final settlement, had assets of said estate in his hands sufficient to pay said debts.

*Breach.*—That said Speight has failed to pay said debts, and costs, and damages.

To this the defendant demurred, and assigned for one of his causes of demurrer, that the chancellor had no right to require Speight to give said bond, and that it was void.

The demurrer was sustained, and the plaintiff refusing to amend further, judgment final was rendered for the defendant. The plaintiff thereupon sued out this writ of error.

*Sale* and *Phelan*, for plaintiff in error.

1. The right to an injunction is not like the right to an appeal or writ of error; the former is discretionary in the court to grant or refuse; they may therefore impose terms upon the granting, but a party has an absolute right to his appeal, or writ of error; therefore, the decisions which hold that in appeals and writs of error an administrator shall not give bond, are not applicable to an injunction. When the chancellor required him to give

bond, in order to arrest the proceedings at law before judgment, he merely put the administrator to his election, whether he would then arrest the suits and become personally liable for the debts, or whether he would let judgment go. Having elected the former, he could not now complain. It was a voluntary assumption of a liability, in order to secure a benefit. Having enjoyed the benefit, he would not now be heard to deny the liability.

2. That this court has decided, that if an administrator give a forthcoming bond, in order to release the property of the estate from a levy by the sheriff, he is individually responsible. See *Thompson* v. *Ross*, 26 Miss. R. 198. That is strictly an analogous case to the one at bar. See, also, 8 Porter, 575.

3. That the said Speight had assets sufficient to pay the debt at the time the bond was given, and if an administrator under such circumstances, promise in writing to pay the debt of his intestate, he is bound. 3 S. & M. 438; 6 Ib. 199; 14 Ib. 161; 23 Miss. R. 53. 1 Supplement U. S. Dig. 804, § 303.

*W. F. Dowd*, for defendants in error.

1. The only question involved in this case, is, can an administrator, who enjoins an action against him as such, be compelled to give an injunction bond? If a point can be closed by repeated decisions, there is no room for argument or litigation.

The statute exempts an administrator from all liability for the debts of the intestate, beyond the amount of assets in his hands.

A judgment is rendered against him—he desires to litigate further, and appeals. The statute expressly requires a bond, as a condition precedent, in cases of appeal, generally. Both statutes must be construed together, and it has been decided that an appeal bond was illegal and unnecessary. *Scott* v. *Scearles & Moon*, 1 S. & M. 590, 591. The reason given is, that the bond, if valid, might subject the administrator to the payment of debts beyond the amount of assets in his hands.

An administrator seeks to contest the levy of an execution, and applies for a *supersedeas*. The general rule is, that a person obtaining a *supersedeas*, must give bond in double the amount of the

judgment, conditioned for its payment, in the event he fails to prosecute his suit with effect.    Yet an administrator is not required to give such a bond, because he might thereby be made liable beyond the amount of the assets.    12 S. & M. 533, 534.

Then, if an administrator, believing he has an equitable defence to an action at law, applies for an injunction bond, how can the chancellor require of him a bond, which will subject him to a liability from which he is exempt by law ?    The injunction bond will operate, if valid, precisely as an appeal or *supersedeas* bond, that is, to make him liable beyond the amount of assets in his hands.

2. If the chancellor, in violation of law, compels the administrator to give an injunction bond, it is an illegal contract, without consideration and void.    It is not the voluntary act of the administrator ; it is done in compliance with an order of the court.    The promise of an administrator to pay the debt of his intestate in writing, is void, without a consideration.    Thus, the execution of a promissory note, when he obtains credit in his account for the amount thus settled, is on good consideration, and valid.    The English cases hold, that the possession of assets is a sufficient consideration to uphold the promise; but our statute exempting him from liability beyond the amount of assets in his hands, destroys the foundation of these decisions.    *Tanner* v. *Brown*, 3 S. & M. 425; *Bird* v. *Holloway*, 6 Ib. 203; *Hill* v. *Robertson*, 2 Ib. 541.

FISHER, J., delivered the opinion of the court.

The only point presented for decision in this case is, whether an administrator who entered into an injunction bond, as required by the chancellor's fiat, with condition to pay the amount of the adverse party's debt, in case the injunction shall be dissolved, is liable upon such bond, according to its condition.

We have been referred to the decisions of this court, holding that an administrator is entitled to his appeal or writ of error, without giving bond, as in other cases.    While we admit the full force of these decisions, we at the same time do not regard them as applicable to the case now before the court.    It is the administrator's right to appeal or prosecute a writ of error, if a judgment or

decree should be rendered against him, affecting the estate in his hands.   Not so, however, in regard to an injunction, the granting of which rests in the sound discretion of the court, or the chancellor in vacation.   An application for an injunction may be wholly refused, or the writ may be granted upon such terms as the court may think proper to prescribe at the time, and it is for the party to say whether he will take it upon those terms, or refuse it altogether.   Where a bond is made part of the terms, and the party enters into it, he must expect to abide by its condition, if he should fail in his remedy, especially in a case like the present, where the plaintiff was enjoined from prosecuting his actions at law.   The chancellor may have erred, in allowing the complainant to arrest the plaintiff's suits at law before judgment; but such was what the complainant desired, and he has therefore no right to complain.   If the chancellor had so modified his *fiat* as to deny to the writ any force whatever, until the judgments were obtained at law, and then had made it apply to the judgments, the bond might then have been dispensed with.   But, under the circumstances, where the plaintiff was enjoined from proceeding to obtain his judgments at law, the bond was not only authorized by law, but ought to have been taken, as a necessary security to the plaintiff.

Judgment reversed, demurrer overruled, and cause remanded.